**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X
In re:

      Walter Neira,                                             Chapter  13
                                                                              Case No. 13-46737 (ESS)

                                        Debtor.
----------------------------------------------------------------------X

## STIPULATION LIFTING THE AUTOMATIC STAY

      **WHEREAS**, on November 8, 2013 (the "Petition Date"), Walter Neira (the "Debtor") filed a voluntary petition for relief pursuant to chapter 13 of the United States Bankruptcy Code; and

      **WHEREAS**, Ocwen Loan Servicing, LLC, as servicer for Deutsche Bank Trust Company Americas, as Trustee for RALI 2007-QA1 ("Secured Creditor") is the holder of a valid and duly perfected mortgage lien against the Debtors' real property located at and commonly known as 520 Jersey Avenue, Elizabeth , NJ 07202 (the "Real Property"); and

      **WHEREAS**, on August 8, 2014, the Debtor filed his Second Amended Chapter 13 Plan (the "Plan") (ECF No. 38), in which the Debtor expressed his intent to surrender the Property upon confirmation of the Plan; and

      **WHEREAS**, the Secured Creditor requests that the automatic stay is vacated as it pertains to the Secured Creditor, its successors and/or assigns, and that the Secured Creditor, its successors and/or assigns is permitted to pursue its rights under applicable law ~~to exercise~~ with respect to the Real Property; and

      **NOW, THEREFORE**, it is hereby stipulated and agreed by and between the parties, that upon approval of this Stipulation by the Bankruptcy Court:

1

1. The automatic stay afforded by 11 U.S.C. §362(a) is hereby vacated as it pertains to the Secured Creditor, its successors and/or assigns, and that the Secured Creditor is granted leave to pursue its rights under applicable law with respect to the Real Property.

2. The Debtor hereby abandons all of his rights, title and interest with respect to the Real Property.

3. The Debtor hereby consents to a judgment of foreclosure in full satisfaction of any obligations owed with respect to the Real Property and the Secured Creditor agrees to not seek a deficiency judgment against the Debtor in any foreclosure proceeding.

4. The Bankruptcy Court shall retain jurisdiction over any dispute with regard to the terms and conditions of this Stipulation.

5. It is further agreed that a fully executed copy of this Stipulation shall be deemed the original for the purposes of filing same with the Bankruptcy Court, and that facsimile signatures shall have the same force and effect as the original signatures.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

6. The foregoing represents the entire agreement of the parties and no modification, amendment or extension thereof shall be valid, unless in writing, signed by all signatories to this Stipulation.

**Agreed and Consented to**:

| **ORTIZ & ORTIZ, L.L.P.**<br>Dated: August 29, 2014<br><br>/s/ Martha de Jesus<br>Martha de Jesus, Esq.<br>Attorney for the Debtor<br>32-72 Steinway Street, Suite 402<br>Astoria, NY 11103 | **LEOPOLD AND ASSOCIATES, PLLC**<br>Dated: September 4, 2014<br><br>/s/ Michael Rozea<br>Michael T. Rozea, Esq.<br>Attorneys for the Secured Creditor<br>80 Business Park Drive<br>Suite 110<br>Armonk, NY 10504 |
|---|---|

**So Ordered:**



Dated: Brooklyn, New York
September 5, 2014

_____
Elizabeth S. Stong
United States Bankruptcy Judge